**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RAFAEL SOLANO,**

                **Plaintiff,**              1:08-cv-1090
                                                    (GLS\RFT)

       **v.**

**CITY OF SCHENECTADY,** et al.,

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Redlich Law Firm<br>255 Washington Avenue Ext.<br>Suite 108<br>Albany, NY 12205 | WARREN REDLICH, ESQ. |
| **FOR THE DEFENDANTS:**<br>City of Schenectady Corporation<br>Counsel<br>City Hall<br>Schenectady, NY 12305 | L. JOHN VAN NORDEN, ESQ. |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Rafael Solano brings this action under 42 U.S.C. §§ 1981

and 1983 against defendants Eric Hesch, Sean Clifford, Steven Sheldon, and the City of Schenectady, alleging that he was subjected to an unreasonable search and seizure.  (*See* Compl., Dkt. No. 1.)  Pending are Solano's motion for summary judgment and defendants' motion to dismiss or, in the alternative, for summary judgment.  (*See* Dkt. Nos. 18, 21.)  For the reasons that follow, Solano's motion for summary judgment is denied in its entirety, defendants' motion to dismiss is granted in part and denied in part, and defendants' motion for summary judgment is granted in part and denied in part.

## II.  Facts[1]

In the early afternoon of November 14, 2005, Eric Hesch of the City of Schenectady Police Department saw David Messmore, who was known to Hesch to be a substance abuser, walking towards a corner store on Eastern Avenue in the City of Schenectady, Schenectady County.  Hesch pulled his unmarked police car alongside Messmore and spoke with him briefly about the neighborhood.  Messmore told Hesch of a nearby section

---

[1] Defendants have referred the court to the facts from the Appellate Division's Memorandum and Order, *see People v. Solano*, 46 A.D.3d 1223, 1223-1224 (3d Dep't 2007), and have provided declarations from Clifford, Sheldon, and McGuirl. On November 9, 2010, Solano was given an opportunity to respond to the counter statement of undisputed facts and the declarations. On November 22, 2010, Solano responded.

2

where drug trade was occurring. As they talked, a car with tinted windows and North Carolina license plates drove by, slowed down, and honked its horn. According to Hesch, Messmore "waived the car off," got into his car, and followed the other car around the corner. Hesch, still in his car, turned the same corner and saw both cars pulled over on the right side of the road. Hesch pulled behind the cars, which, after a moment or two, drove away. Hesch then drove a short distance away, turned around, and found both cars pulled over by the right side of the road on a different block, with Messmore's car parked behind the car with North Carolina plates. Hesch pulled across the road, placing the front of his vehicle in close proximity to the front of the North Carolina car. Although he did not see Messmore in the back seat of the North Carolina car prior to that time, he and his partner, after quickly approaching, discovered him to be there. They also discovered Solano in the front passenger seat, and Hesch radioed for backup reinforcement. While conducting a pat-down frisk, one of the backup officers ran his fingers under the elastic at the cuff of Solano's sweatpants and two pieces of crack cocaine fell out. Solano was handcuffed and taken to the station where a subsequent search revealed nine more bags of crack cocaine in his possession.

3

### III. Standard of Review

The standard for judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 are well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous opinions in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010) and *Bain v. Town of Argyle*, 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

### IV. Discussion

#### A. City of Schenectady

Solano concedes that he has not discovered any policy, practice, or procedure used by the City of Schenectady that led to the allegedly unlawful search or seizure. Accordingly, Solano's claims against the City of Schenectady and the officers in their official capacities are dismissed.

#### B. Motion to Dismiss

#### 1. False Arrest and Malicious Prosecution

Solano seeks relief for false arrest, false imprisonment, and malicious prosecution. To the extent that these claims seek damages for any detention or prosecution suffered as a consequence of the discovery of drugs on Solano on November 15, 2005, subsequent to the initial stop, the

4

claims must fail. Once the defendants discovered the drugs in the waistband of Solano's sweatpants, they had probable cause to arrest and prosecute him, and damages for Solano's subsequent detention and prosecution are therefore unavailable. *See Townes v. City of New York*, 176 F.3d 138, 149 (2d Cir. 1999). Thus, Solano's claims are dismissed insofar as they are predicated on the post-discovery detention and subsequent prosecution.

Solano may, however, have a claim for the invasion of his privacy related to the initial seizure and search of his person. *See id.* at 141. Defendants contend that Solano has failed to plead and show damages for this invasion. While the court concurs that Solano's poorly-drafted complaint is far from precise, the court is not convinced that a liberal reading of Solano's allegations fail to assert such a claim. Accordingly, the court grants defendants' motion to dismiss Solano's complaint except with regard to Solano's invasion of privacy claim.

C.   **Defendants' Motion for Summary Judgment**

Although Solano's sole remaining invasion of privacy claim is sufficient to survive defendants' motion to dismiss, it is not sufficient to withstand defendants' alternative motion for summary judgment.

5

Specifically, as defendants contend, the record before the court, including defendants' detailed declarations, demonstrate that they are entitled to qualified immunity for the initial stop under arguable probable cause. Solano argues that defendants should be estopped from making this argument since the Appellate Division has already determined this issue. Solano's contention is without merit.

The decision of the Appellate Division is not binding on this court. Moreover, irrespective of whether this court uses the "reasonable suspicion" standard set forth in *Terry v. Ohio*, 392 U.S. 1 (1968), or the arguable probable cause standard, *see Cerrone v. Brown*, 246 F.3d 194, 202 (2d Cir. 2001), the officers in this case are entitled to qualified immunity. The defendants have provided the court with detailed declarations explaining the various factors they examined in making the initial stop. Specifically, they point to the fact that the neighborhood was a known drug area, and that they confronted Messmore, a known drug user, in an area in which he had not been observed previously and in which he did not reside. The declarations further note that Messmore indicated, in substance, that he was in the area to make a buy, and that, while speaking to the officers, Messmore waved on a slowly-passing car that honked and

6

had tinted windows and foreign-state license plates.  The officers then observed Messmore's vehicle and the foreign-plated vehicle parked together, approached the vehicle, and conducted a security "pat down" of Solano, which revealed that he possessed drugs.  Viewing these and all record facts in the light most favorable to Solano, the court finds that the officers had at least reasonable suspicion to stop and pat down Solano.  Moreover, even if reasonable suspicion was lacking, the officers would nonetheless be entitled to qualified immunity since, based on the facts discussed, a jury could conclude that officers of reasonable competence could disagree as to the legality of the officers' actions.  Accordingly, the defendants are entitled to qualified immunity on Solano's sole remaining claim for invasion of privacy, and Solano's complaint is therefore dismissed in its entirety.

**D.     Solano's Motion for Summary Judgment**

In his motion for summary judgment, Solano argues that since the Appellate Division found that the defendants did not have probable cause for the initial stop, they should be held liable under § 1983 as a matter of law.  For the reasons already discussed, Solano's argument lacks merit and his motion is denied.

7

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 21) Solano's complaint is **GRANTED** except with regard to a Solano's invasion of privacy claim; and it is further

**ORDERED** that defendants are entitled to qualified immunity on Solano's sole remaining claim for invasion of privacy and, as a result, the motion for summary judgment (Dkt. No 21) is **GRANTED** in part and Solano's complaint is **DISMISSED**; and it is further

**ORDERED** that Solano's motion for summary judgment (Dkt. No.18 ) is **DENIED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 25, 2011
Albany, New York

United States District Court Judge